Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2507 | **DATE** | 11/29/2004 |
| **CASE TITLE** | John S. Pope vs. U.S. Department of Transportation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Before the Court is Defendant's Motion for Summary Judgment [9-1]. The Motion is granted. See attached. The clerk shall enter judgment for Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*/s/ Charles R. Norgle/*

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV ? ? 2004 date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN S. POPE )
)
Plaintiff, ) Case No.: 02 C 2507
)
v. ) Honorable Charles R. Norgle
)
UNITED STATES DEPARTMENT )
OF TRANSPORTATION )
)
Defendant. )

**OPINION AND ORDER**

DOCKETED
NOV 3 0 2004

CHARLES R. NORGLE, District Judge.

Before the court is Defendant United States Department of Transportation's Motion for Summary Judgment. For the following reasons, Defendant's Motion for Summary Judgment is granted.

## I. BACKGROUND[1]

### A. Facts

Plaintiff John S. Pope ("Pope") is a veteran of the United States Armed Forces and an attorney. Between 1975 and 2000, Pope was employed as an attorney in several capacities for the Interstate Commerce Commission ("ICC"), Amalgamated Trust & Savings, and William M. Mercer, Inc. In addition, Pope worked as a self-employed attorney for Kennedy Consulting Group, and DHR International, Inc. Then, on September 5, 2000, the Federal Highway Administration ("FHA"), on behalf of the Federal Motor Carrier Safety Administration

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1



("FMCSA") issued an Excepted Service Vacancy Announcement for trial attorneys at the agency's regional service centers in Atlanta, Baltimore, and Olympia Fields, Illinois.

Both the FHA and FMCSA are within the Defendant Department of Transportation ("DOT"). The trial attorney job required regulatory enforcement experience, and an ability to litigate complex enforcement cases involving motor carrier and driver safety positions under the U.S. Code. Among the additional job requirements were two years of professional legal experience of a progressively responsible nature, including one year equivalent to a GS-13 level in the federal government. Three years of professional legal experience in highway or related matters was also required. In addition, the position required applicants to have knowledge of the laws and regulations of the FMCSA, and the Federal Rules of Evidence and Civil Procedure.

There are two classifications of the federal civil service positions. A "competitive service" position gives a ten-point preference to veterans, while "excepted service" positions do not. The job at issue in this case was an "excepted service" position. Pope felt that he possessed the necessary qualifications, and applied for the job along with ninety-one other lawyers. In his application, Pope claimed a ten-point preference because of his veteran status.

The application process implemented by FMCSA was lengthy, and involved four stages. First, FMCSA compiled a list of all the applicants, with designations such as veteran status, position/grade sought, location preference, and whether the candidate would be given further consideration. From the beginning, Pope's veteran status was noted on the roster. Second, once the roster was finalized, FMCSA's chief counsel appointed three attorneys from the agency to act as a screening panel for the candidates. In October and November 2000, the panel reviewed each application. Finally, in December 2000, the panel created a list of applicants. The list ranked the applicants based on litigation experience, experience with the FMCSA statutes, and experience

with federal or state agencies. The panel gave Pope a score of fifty-eight, thirteenth highest among all applicants, and considered him eligible for either a GS-12 or GS-13 position.

Third, after the panel had completed its report, it was submitted to the interview panels in the respective cities. A three-person panel in Olympia Fields selected candidates to interview from the FMCSA list. Two of the members on the panel independently evaluated all of the applications and chose the most desirable candidates. Litigation experience was an important factor in this decision. In addition, the panel chose one or two candidates who had little experience with FMCSA statutes, but showed growth potential. A total of seven candidates were chosen for interviews. Pope was among these attorneys chosen as a result of his twenty-five years as a practicing attorney. His veteran status was noted by the interviewers.

The fourth and final step involved personal interviews between the panel and candidates. Following the interview, the panel thought that Pope's legal experience was unrelated to enforcement work of FMCSA; he dealt mostly with benefit plans, insurance, and taxation. Nor did the panel feel that Pope had the substantial litigation experience that was required for the position. He was only familiar with five percent of the FMCSA statutes, as opposed to the selectee, who had worked as regional counsel for a state agency for the past seven years. Pope also informed his interviewers that his eventual goal was to become an administrative law judge, that he only applied for this position to receive government benefits, and that he intended to retire in five years. The panel decided on another more qualified candidate.

In March 2001, FMCSA informed Pope that he had not been selected for the position. Pope requested that the agency tell him the reasons for his non-selection, and how his veterans' preference was applied to the application process. In May 2001, FMCSA responded to this request and told Pope that the attorney positions were exempt from competitive service

appointment procedures. However, the principles of veterans' preference were applied to all the veterans identified in the hiring process. The top candidates were reviewed, veteran or not, by the General Counsel prior to selection. In addition, FMCSA told Pope that he had limited experience in the agency's statutes, and in litigation of enforcement cases. Disappointed with this response, Pope filed a complaint against FMCSA with the Department of Labor, Veteran's Employment and Training Service ("VETS"), alleging that he was not given the ten-point veteran's preference, and that he fulfilled the requirements listed in the hiring announcement. Consequently, VETS asked FMCSA for an explanation for Pope's denial.

Then, in August 2001, FMCSA responded to VETS request. They stated that the attorney selected had the experience the agency required, and was a better fit than Pope for the position. FMCSA told VETS that the agency was looking for attorneys with considerable litigation experience, and knowledge of FMCSA enforcement statutes. Moreover, FMCSA told VETS that Pope's employment at the ICC in the 1970s was not relevant to the experience required for the current position. Furthermore, FMCSA furnished VETS with a list of motor carrier statutes enacted since 1996. Pope's prior work experience did not involve a majority of these statutes.

In September, 2001, VETS made a second inquiry to FMCSA. FMCSA said they paid attention to the principles of veterans' preference, and that Pope's status was noted from the beginning of the application process. VETS informed Pope that FMCSA's attorney positions were classified as "excepted service positions" and were exempt from civil service laws. In addition, VETS told Pope that there were more qualified candidates for the position, and that VETS could not determine if FMCSA had followed the principles of veterans' preference, and closed the investigation.

Pope, unhappy with the VETS response as well, filed an appeal with the Merit Systems

Protection Board ("MSPB"). Specifically, Pope argued that he was not challenging his non-selection. Instead, Pope claimed that FMCSA committed harmful procedural error when it failed to apply the veterans' preference. A hearing was scheduled on February 12, 2002. However, on February 8, Pope withdrew his claim.

**B. Procedural Framework**

On April 8, 2002, Pope filed a complaint in the United States District Court against the DOT alleging that he was unlawfully denied employment by FMCSA. On August 13, 2002, Defendant DOT filed a Motion for Summary Judgment. Then, January 12, 2003, Pope's complaint was dismissed for lack of jurisdiction. The next day, Pope filed a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59. That Motion was granted on March 31, 2003. See Minute Order of March 31, 2003. Defendant's Motion for Summary Judgment is now fully briefed and before this court.

## II. DISCUSSION

**A. Standard for Summary Judgment**

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all

reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the plaintiff's favor must be drawn from specific facts identified in the record that support the plaintiff's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

**B. Pope's Veterans' Preference Claim**

Pope's claim is that FMCSA was required to give him a ten-point bonus on his application score because of his veteran status. Under 5 U.S.C. § 2108(1)(A) "a veteran means an individual who served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized."[2] Moreover, 5 U.S.C. § 3309(1) states that "a preference eligible who receives a passing grade on an examination for entrance

---

[2] 5 C.F.R. § 2108(3)(C) states "preference eligible means a veteran defined by paragraph (1)(A) of this Section."

into the competitive service is entitled to additional points above his earning rating, as follows. . . (1) a preference eligible under § 2108(1)(A) of this title– 10 points."

There are two types of federal employment at issue in this case: competitive and excepted civil service jobs. A competitive position is one where veterans compete with other civilians for federal employment, and those veterans who qualify as preference eligible receive a five or ten point bonus to their passing score on a civil service examination. Excepted service employment is exempt from civil service laws, and are not under the Office of Personal Management's supervision. As a result, no bonus points are given to veterans applying for excepted service positions. Attorney positions are exempt from these appointment procedures. 5 C.F.R. § 302.101(c)(9). However, the statute mandates that each agency follow the veterans' preference requirements as "far as administratively feasible." Id. FMCSA attorneys, the position Pope applied for, are classified as excepted service. Def.'s Mot. for Summ. J., Ex. E.

Pope's allegation that he was entitled to a ten-point bonus is meritless. Only competitive civil service positions apply this veterans' preference ten-point bonus system. While it is true that an agency must give ten points to the application score of a veteran who applies for any competitive position, the job Pope applied for was classified as excepted; he was not entitled to any preference bonus points. See Renard v. New Cumberland Army Depot, 533 F.Supp. 451, 453 (M.D. Pa. 1982) (procedures for competitive service are not applicable to selections for excepted service). An agency is not required to apply the appointment procedures for excepted civil service jobs, but "must follow the principle of veteran preference as far as administratively feasible." 5 C.F.R. § 302.101(c). Even if this was a competitive job, Pope would still not be eligible for the ten points because he applied for an attorney position which is exempt from these appointment procedures. Id.

Therefore, FMCSA reviewed Pope's application in the correct manner. FMCSA noted Pope's veteran status from the beginning of the application process.[3] In fact, out of ninety-one total applicants, Pope was one of only seven attorneys selected for an interview, and the interviewers noted his veteran status. Def.'s Stmt. of Mat. Facts, ¶ 37. When asked about his career goals, Pope stated that he was interested in government employment for its benefits, and that he hoped to become an administrative law judge. Id., ¶ 40. Based on these answers, the interviewers felt that FMCSA's and Pope's job expectations were not identical. In addition, Pope was not as knowledgeable about the FMCSA statutes as the selected candidate. Pope was familiar with only five percent of the current statutes FMCSA dealt with on a regular basis. Def.'s Mot. for Summ. J., Ex. V, ¶ 9. It was FMCSA's reasonable judgment that Pope did not measure up to the agency's standards for the trial attorney position. These facts do not raise a genuine question of fact as to whether Pope should have been awarded a ten-point bonus.

Moreover, at no time during the application process was any candidate given a numerical score or ranked for purposes of deciding employment, which would require application of the ten-point veterans' preference. The only numerical score Pope refers to deals with the preliminary rating used in the second step of the application process. This score simply determined which candidates to call for interviews. This "score" was not used by any of the regional offices for hiring purposes. It was merely an informal score used by the panel to evaluate the initial list prepared by human resources. While it is true that Pope did not receive a ten point bonus on this preliminary score, neither did the other veterans who applied for the job, because FMCSA was not required to give such a bonus. Under § 3309, only a veteran "who

---

[3]"Pope's veteran status was stated on the roster prepared by FMCSA human resources personnel, and he was selected for further consideration." Def.'s Stmt. of Mat. Facts, ¶ 31.

receives a passing grade in an examination for entrance into the competitive service is entitled to additional points above his earned rating." Because no examination was given to the candidates, Pope cannot claim FMCSA committed harmful procedural error when it failed to give him the ten points. See Lackhouse v. Merit Systems Protection Board, 773 F.2d 313, 315 (Fed. Cir. 1985) (preference eligible cannot show procedural error by pointing to his score in a preliminary ranking of applicants). As a result, there is no genuine issue of material fact as to whether FMCSA was required to issue Pope a ten-point preference bonus.

Pope does not show additional facts or materials to refute FMCSA's defense. Instead, Pope points to the history of the Veteran's Preference Act of 1944. He cites to a formal opinion given by Attorney General Biddle in 1945, and floor debates regarding the passage of the bill. Pope states that the job posting implied that candidates would receive a 100-point score, based on the preliminary score given to each candidate. However, Pope does not cite to case law or statutory authority to reinforce his claim that he is entitled to the extra ten points. He merely states that FMCSA had a duty to give a meaningful veterans' preference in the application process. Pl.'s Resp. at 11. Pope does not define what he believes a meaningful application of the veterans' preference should be, short of being hired by FMCSA. Section 302.101(c) states that an agency must follow the veterans' preference as "far as administratively feasible." FMCSA did all it could to follow the principle of veterans' preference. Pope's veteran status was noted by all those who saw his file, he was selected for an interview, and given every opportunity to get the job. In the end, FMCSA made an informed and reasonable administrative decision to hire the best candidate.

Pope wants the court to review the hiring practices of a government agency. The hiring panel had access to the ninety-one applications and was familiar with the hiring procedure and

9

exact type of applicant the agency was looking for. In addition, FMCSA instituted a lengthy four part application process that took almost seven months to complete. FMCSA had followed the statutes regarding veterans' preference, and hired the best candidate it could find. A district court will not review an administrative decision if it is rationally based, and not arbitrary or capricious. See United States v. Bean, 537 U.S. 71, 77 (2002). This standard is "deferential" to agency decisions, and "presumes that agency actions are valid as long as the decision is supported by a rational basis." Pozzie v. United States Dep't of Hous. And Urban Dev., 48 F.3d 1026, 1029 (7th Cir. 1995). The court will not substitute its judgment for that of the FMCSA.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 11-29-04